MOORE & BAKER *versus* COKER.

Under the act of 1807, exempting freeholders from suit out of the county of their permanent residence ; it is not required, that the residence and freehold should be in the same county.

The words " permanent residence" and " residence," as used in that statute, are equivalent in signification.

This action was commenced before a Justice of the Peace, and taken by *certiorari* to the Circuit Court of Shelby. The point there raised, was as to the privilege of the plaintiff in error, Moore, under the statute of 1807, exempting parties from suit, out of the county of their permanent residence. The proof was, that Moore was a *resident* citizen of St. Clair, at the time the action was commenced, and a freeholder in the county of Shelby. The Court below gave judgment for the defendant in error, to reverse which, a writ of error was taken here.

MOODY for Plaintiff in error.—The point here presented is, whether the statute exempting freeholders from being sued out of the county of their residence, requires the freehold and residence to be in the same county. The language of the statute certainly does not make this requirement. It was passed during our territorial government; and its language is "freeholder of the territory"—not freeholder of the county. It requires that the freehold be in the territory, and it requires nothing more, nor do I see any good reason for doing violence to the language, to give to the statute a different meaning.

ERWIN, *contra.*—The language of the statute is vague and loose. It is therefore necessary to con-

strue it according to its reason and spirit. In protecting the freeholder, it was surely not the object of the Legislature to set a trap, to involve creditors in costs. Suppose a man living in Jackson county, where he has no freehold, owns an acre of ground somewhere in the southern part of the state ; how would the creditor know that he was not liable to be sued out of the county of his residence. The law could not intend to require of the creditor more than reasonable diligence in making inquiry before he commenced his suit. It could not have been intended by the statute that the person about to bring a suit should do more than to examine the records of the county where the person to be sued might reside. If he should be found to have a freehold there, then he could not be legally sued out of the county of his residence : but if he should have no freehold there, his residence should not be regarded as permanent— and the restriction as to the county in which suit was to be brought would not apply. A freehold in another county would give no permanence to his residence, and would not come within the reason of the law. It does not appear by the bill of exceptions in this case, that the county of St. Clair was the defendant's permanent residence. One object of the statute probably was to encourage the obtaining of freeholds—permanent homes. The privilege was only intended for such as had such permanent residence.

By Mr. Justice THORNTON :

This was a suit commenced by warrant before a Justice of the Peace, in the county of Shelby, and removed by *certiorari* into the Circuit Court of that county. The amount in controversy is trivial ; but the principle involved in the only assignment

of error necessary to be noticed, is important; not only from its frequent recurrence in practice, but as it bears upon the personal privileges of the citizen.

The amount in controversy being under twenty dollars, the case was, of course, determinable by the Court alone; before whom, it appears from the record, the plaintiff Moore, who was defendant in the warrant, attempted to avail himself of the privilege conferred upon freeholders by an act of 1807,[a] exempting them from suit, (except in certain actions, of which this was not one,) out of the county of their "permanent residence." The proof adduced in support of this exemption, was, " that at the commencement of the suit, he was a resident citizen of the county of St. Clair, and that he was a freeholder in the State ; that freehold being in the county of Shelby."

<span style="float:right">[a] Aik. Dig. 284, sec. 146.</span>

The Court below gave judgment upon this proof against the plaintiff, Moore.

The statute, I am satisfied, does not require, that the residence and freehold, should both be in the same county ; but that a freehold in any county in the State, and a permanent residence in any other county, confers the privilege of exemption from suit, (in all those actions not excepted,) unless it be brought in the county of such residence. The only ground upon which the judgment of the Court below can be sustained, is, that the proof of the plaintiff in error, Moore, being "a resident citizen of the county of St. Clair," does not come up to the meaning of the act of the Legislature, which uses the terms, " permanent residence," in the section conferring this privilege. Now, the terms, " permanent residence," and " residence," are indifferently used, as it seems to me, in this very section ; as also in other acts upon the same subject matter, as equivalent in signification.

In the very section above referred to, it is further provided, that one shall not be held to bail, " if 'sued out of the district or county of his residence and freehold." Unless these terms are held convertible, it involves a contradiction at least, not to say an absurdity. There can be no holding to bail without suit. But he can not be sued out of the county of his permanent residence, (except in certain specified actions) of course he cannot be held to bail out of it. Then it must follow, that to be held to bail, he must be sued in the county of his permanent residence and freehold; or in other words, if permanent residence and freehold are both in one county, he can not be held to bail out of the said county. So, by the act of 1818, which is in *pari materia*, it is provided that, any person, whether freeholder or not, may be sued in any county where found, without regard to his *residence*, if oath be made that such person has gone from the county of his *residence*, for the purpose of avoiding service of process. The question as to the equivalence of these terms, is, I think, settled by the opinion of this Court, in the case of *Read* vs. *Coker*.[a] There the plea contained the averment of *residence* merely, as the proof made here, and upon demurrer, it was held good by this Court.

Let the case be reversed.

[a] Stewart, 22.